# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| STEVEN SLOAN, | * |
| Plaintiff, | * |
| v. | * Case No.: GJH-18-1979 |
| ALLY FINANCIAL INC., | * |
| Defendant. | * |

## MEMORANDUM OPINION

Plaintiff Steven Sloan brings this *pro se* action against Defendant Ally Financial Inc. in connection with an alleged debt. ECF No. 1-1 at 85. Pending before the Court is Defendant's Motion to Dismiss. ECF No. 9. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). Because the Complaint is insufficient and does not comply with federal pleading requirements, Defendant's Motion to Dismiss will be granted.

Under Federal Rule of Civil Procedure 8, a Complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 8(d)(1). Further, to state a claim that survives a Rule 12(b)(6) motion, a complaint, relying on only well-pled factual allegations, must state at least a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The "mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). To determine whether a claim has crossed "the line from conceivable to plausible," the Court must employ a "context-specific inquiry," drawing on the court's

"experience and common sense." *Iqbal*, 556 U.S. at 679–80. When performing this inquiry, the Court accepts "all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), nor must it agree with legal conclusions couched as factual allegations, *Iqbal,* 556 U.S. at 678, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009). "[U]nadorned, the defendant-unlawfully-harmed me accusation[s]" or "naked assertions devoid of further factual enhancement" do not suffice. *Iqbal*, 556 U.S. at 678. Although the Court must accept well-pleaded factual allegations in the Complaint as true, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and "are not entitled to the assumption of truth." *Id.* at 678–79.

*Pro se* complaints must be construed liberally and must be "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beauciett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts are not required to "conjure up questions never squarely presented to them" nor "construct full blown claims from sentence fragments." *Id.*

Instead of a concise statement of facts as to the underlying causes of action, Plaintiff's allegations are difficult to understand, contained in various documents attached to the Complaint,

2

and replete with legal statements and conclusions. ECF No. 1-1. For example, Plaintiff alleges a Fair Debt Collection Practices Act (FDCPA) claim pursuant to 15 U.S.C. § 1692 but does not allege facts to show a violation of the statute. "To state a claim for relief under the FDCPA, Plaintiffs must allege that (1) they have been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759-760 (D. Md. 2012). However, Plaintiff offers only a naked assertion that Defendant "appears to be a 'debt collector' as the term is defined" under the FDCPA without grappling with the factual allegations that belie this conclusion. ECF No. 1-1 at 5. Specifically, Plaintiff alleges that on May 8, 2014, he entered into a $22,294.11 Retail Installment Sales Contract (RISC) with Defendant to purchase a 2008 Cadillac CTS. ECF No. 1-1 at 85; *see also id.* at 30. The FDCPA defines the term "debt collector" as "(1) a person whose principal purpose is to collect debts; (2) a person who regularly collects debts owed to another; or (3) a person who collects its own debts, using a name other than its own as if it were a debt collector." *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 136 (4th Cir. 2016); *see also* 15 U.S.C. § 1692a(6). Based on Plaintiff's allegations, the Defendant does not meet any of these definitions because Ally seeks to collect its own debt rather than a debt "owed to another" and is acting as a creditor, not "a person whose principal purpose is to collect debts." *Id.*

Similarly, Plaintiff refers to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, without alleging that he has been aggrieved under this statute. For Plaintiff to allege a failure to comply with the FCRA's reinvestigation requirement, he must have pled facts establishing (1) that he notified a credit reporting agency (CRA) of the disputed information, (2) that the CRA notified the Defendant furnisher of the dispute, and (3) that the furnisher then failed to

reasonably investigate and modify the inaccurate information. *Johnson v. MBNA Am Bank, NA*, 357 F.3d 426, 430–31 (4th Cir. 2004). The Complaint does not include allegations that Plaintiff went through this process or that Ally failed to investigate a dispute after receiving notice of one from a CRA. *See* ECF No. 1-1. Additionally, where the Complaint does assert factual allegations, those allegations do not lead to the conclusion that Plaintiff's rights were violated. For example, Plaintiff alleges that Ally has conducted "impermissible credit pulls." ECF No. 1-1 at 6. Section 1681b of the FCRA permits a CRA to provide credit information to a person whom the agency has reason to believe "intends to use the information in connection with a credit transaction involving the consumer . . . ." 15 U.S.C. § 1681b(a)(3)(A). Plaintiff attaches the RISC to the Complaint and alleges that Defendant "accepted a 'promissory note' for $22,294.11" on May 8, 2014, meaning any inquiry by Defendant into Plaintiff's credit report would fit within this permissible purpose.

Plaintiff also makes references to the Internal Revenue Code and to various provisions of the Uniform Commercial Code. However, these allegations ultimately amount to "unadorned, the defendant-unlawfully-harmed me accusations" that are "devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678.

Because Plaintiff has failed to provide a short and plain statement of his claims showing that he is entitled to relief, Defendant's Motion to Dismiss is granted. A separate Order shall issue.

Date: <u>January 15, 2019</u>　　　　　　　　　　　　　　　　/s/　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　GEORGE J. HAZEL
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge